**United States District Court**
For the Northern District of California

1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7   TERESA VIERA,                              No. C-11-01794 JCS
8              Plaintiff,                      **ORDER DENYING DEFENDANT'S**
                                               **MOTION TO TRANSFER VENUE**
9      v.                                      **PURSUANT TO 28 U.S.C. § 1404(a)**
                                               **[Docket No. 5]**
10  MASTERCORP., INC.,
11             Defendant.
12  _____/
13
14  **I.     INTRODUCTION**
15          This action arises out of an accident that occurred in Las Vegas, Nevada.  Plaintiff Teresa
16  Viera is a resident of California.  Defendant Mastercorp, Inc. ("Mastercorp") is a Tennessee
17  corporation with its principal place of business in Tennessee.  Mastercorp provides cleaning services
18  at the premises where the accident occurred.  Plaintiff initiated this action in California superior
19  court.  Subsequently, Mastercorp removed the action to federal court on the basis of diversity
20  jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1441(b).  The parties have consented to the
21  jurisdiction of the undersigned magistrate judge, pursuant to 28 U.S.C. § 636(c).  Mastercorp brings
22  a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("the Motion") requesting that the
23  Court transfer the action to the district of Nevada for the convenience of the witnesses.  The Court
24  finds that the Motion is suitable for determination without oral argument, pursuant to Civil L. R. 7-
25  1(b).  Accordingly, the hearing set for **Friday, June 3, 2011** is **vacated.**  For the reasons stated
26  below, the Motion is DENIED.
27  **II.    BACKGROUND**
28          Mastercorp asks the Court to transfer this action to the district of Nevada pursuant to 28
    U.S.C. § 1404(a) on the basis that many of the witnesses reside there.  Motion at 2.  In support of the
    request, Defendant has submitted a transcript of Plaintiff's recorded statement describing the

1  accident, as well as hospital records from the emergency room in Henderson, Nevada, where

2  Plaintiff was initially treated.  *See* Declaration of Norman LaForce in Support of Motion to Transfer

3  Venue Pursuant to 28 U.S.C. § 1404(a) ("LaForce Decl."), Exs. A & B.  In her statement, Viera

4  recounted that a maid witnessed the accident and found a security guard, who in turn called an

5  ambulance.  LaForce Decl., Ex. A at 3.  Defendant asserts that a transfer is warranted because

6  witnesses to the accident, including the maid, as well as the doctor who first treated Plaintiff, are in

7  Nevada.

8        Plaintiff opposes the Motion, pointing out that numerous witnesses are residents of

9  California, including: 1) the two friends who were with her at the time of the accident and who

10 helped care for Viera during her recovery, after she returned home to California; 2) the orthopaedic

11 surgeon who operated on her wrist following the accident; 3)  the neurologist who also provided

12 care in connection with the injury; 4) Viera's husband, who also cared for her during her recovery;

13 and 5) Viera's occupational therapist, who conducted extensive occupational therapy to assist Viera

14 in regaining use of her wrist.  Declaration of James J. O'Donnell in Opposition to Motion to Change

15 Venue ("O'Donnell Decl."), ¶¶ 1-8.

16 **III.    ANALYSIS**

17        Section 1404(a) allows a court to transfer the action "[f]or the convenience of the parties and

18 witnesses [or] in the interests of justice.  28 U.S.C. § 1404(a).  The purpose of section 1404(a) is "to

19 prevent the waste of time, energy, and money and to protect litigants, witnesses and the public

20 against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

21 A court has discretion in deciding whether to transfer pursuant to the statute.  *See Stewart Org., Inc.*

22 *v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).  In assessing whether to exercise its discretion, the Court

23 considers both public factors that relate to the interest of justice, and private factors that relate to the

24 interests of the parties and witnesses. *Van Dusen*, 376 U.S. at 616.  The factors a court may consider

25 include:

26            (1) plaintiff's choice of forum; (2) convenience of the parties;
             (3) convenience of the witnesses; (4) ease of access to the

27            evidence; (5) familiarity with each forum with the applicable
             law; (6) feasibility of consolidation with other claims; (7) any

28            local interest in the controversy; and (8) the relative court
             congestion and time of trial in each forum.

*Royal Queentex Enters. Inc. v. Sara Lee Corp.*, 2000 WL 246599 at *2 (N.D. Cal., March 1, 2000) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).  The burden of showing that transfer is appropriate is on the moving party.  *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); *see also Hoffman v. Blaski*, 363 U.S. 335, 366 (1960) ("[T]he defendant must satisfy a very substantial burden of demonstrating where 'justice' and 'convenience' lie, in order to have his objection to a forum . . . respected."); *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1307, 1371 (9th Cir. 1985).

Having considered the factors set forth above, the Court concludes that Mastercorp has not demonstrated that a transfer to the district of Nevada is in the interest of justice or convenience. While some witnesses reside in Nevada, many others reside in California.  In addition, the Plaintiff's choice of forum is given substantial weight.  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d at 843.  Accordingly, the Motion is **DENIED**.

Dated: June 2, 2011

_____
JOSEPH C. SPERO
United States Magistrate Judge

**United States District Court**
For the Northern District of California